IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-03130-BNB

ERNEST WEST,

     Plaintiff,

v.

THE PEOPLE OF THE STATE OF COLORADO,
CITY AND COUNTY OF DENVER,
DENVER POLICE DEPARTMENT,
DENVER POLICE OFFICER AARON LOPEZ, #95-62, and
ATTORNEY WADE H. ELDRIDGE, #65198,

     Defendants.

**F I L E D**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 1 3 2011

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Ernest West, currently resides in Denver, Colorado. On December 23, 2010, Mr. West, acting *pro se*, initiated this action by filing a Complaint. The Court must construe the Complaint liberally because Mr. West is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. West will be ordered to file an Amended Complaint.

Mr. West challenges his arrest and prosecution in a state court criminal case, alleging that he was illegally incarcerated for nine years and that he was tried in the state court without proof that he committed the criminal offense with which he was charged. Mr. West seeks money damages.

First, the Court finds that the complaint does not comply with Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that Mr. West is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. West fails to set forth a short and plain statement of proper jurisdiction and claims showing that he is entitled to relief. On Page Two of the Complaint form, Mr. West states "Federal Constitutional Violations of the 4th, 5th, 6th, 7th, 8th, 13th and 14th as well as C.R.S. Rule 5" as the statutory authority for jurisdiction in this action. It appears that Mr. West is trying to assert jurisdiction pursuant to 42 U.S.C. § 1983. Mr. West is directed to clarify his basis for the Court's jurisdiction in his amended complaint.

In addition, Mr. West's claims are repetitive, vague, and confusing. In his

2

complaint, Mr. West sets forth an extended and unnecessary discussion of often

insignificant details and legal argument in support of his claims rather than providing "a

generalized statement of the facts from which the defendant may form a responsive

pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th

Cir. 1957). For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is

permissible, if the complaint concisely states facts upon which relief can be granted

upon any legally sustainable basis." *Id.* Mr. West will be directed to file an amended

complaint that complies with the pleading requirements of Rule 8. Mr. West is

reminded that it is his responsibility to present his claims in a manageable format that

allows the Court and the defendants to know what claims are being asserted and to be

able to respond to those claims.

Second, with respect to Mr. West's alleged illegal incarceration, his claims for

money damages may be barred by the rule in *Heck v. Humphrey*, 512 U.S. 477

(1994). In *Heck*, the Supreme Court held that if a judgment for damages favorable to a

prisoner in a 42 U.S.C. § 1983 action necessarily would imply the invalidity of his

criminal conviction or sentence, the § 1983 action does not arise until the conviction or

sentence has been reversed on direct appeal, expunged by executive order, declared

invalid by an authorized state tribunal, or called into question by the issuance of a

federal habeas writ. *See Heck*, 512 U.S. at 486-87. Mr. West does not allege that he

has invalidated his sentence. Therefore, the claim for damages challenging the validity

of his criminal conviction may be barred by *Heck*.

Third, Mr. West may not sue the State of Colorado. The State of Colorado and

its entities are protected by Eleventh Amendment immunity. *See Will v. Michigan*

*Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994). The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979).

Fourth, Mr. West may not sue Defendant Denver Police Department. The police department is not a separate entity from the City and County of Denver and, therefore, is not a person under 42 U.S.C. § 1983. *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993). Any claims asserted against the police department must be considered as asserted against the City and County of Denver.

In addition, municipalities and municipal entities are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). Mr. West cannot state a claim for relief against the City and County of Denver under § 1983 merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694.

4

Therefore, Mr. West must name specific defendants in the caption who are responsible for the alleged constitutional deprivations and demonstrate in the text of the Complaint how each named defendant personally participated in the asserted claims. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. West must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A named defendant may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. West further is instructed that "to state a claim in federal court, a complaint must explain what each defendant did to him [  ]; when the defendant did it; how the defendant' s action harmed him [  ]; and, what specific legal right [Mr. West] believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that Mr. West file **within thirty days from the date of this Order** an Amended Complaint that complies with this Order. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. West, together with a copy of this Order, two copies of the Court-approved form used for filing a *pro se* Complaint. It is

FURTHER ORDERED that if Mr. West fails within the time allowed to file an

5

Amended Complaint, as directed, the action will be dismissed without further notice.

DATED January 13, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-03130-BNB

Ernest West
5150 E 34th Ave. #806
Denver, CO 80207


     I hereby certify that I have mailed a copy of the **ORDER and two copies of the Complaint form** to the above-named individuals on January 13, 2011.


GREGORY C. LANGHAM, CLERK


By:_____
                Deputy Clerk