FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

MAR 2 8 2011

Civil Action No. 10-cv-03130-BNB

GREGORY C. LANGHAM
CLERK

ERNEST WEST,

     Plaintiff,

v.

THE PEOPLE OF COLORADO,
CITY AND COUNTY OF DENVER,
DENVER POLICE DEPT.,
DENVER POLICE - AARON LOPEZ, #95-62, and
ATTORNEY WADE H. ELDRIDGE, #65198,

     Defendants.

_____

ORDER OF DISMISSAL

_____

     Plaintiff, Ernest West, currently resides in Denver, Colorado. Mr. West initiated this action by filing a *pro se* Complaint pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983 on December 23, 2010. He has been granted leave to proceed *in forma pauperis*.

     On January 13, 2011, Magistrate Judge Boyd N. Boland determined that the Complaint was deficient because it failed to comply with Rule 8 of the Federal Rules of Civil Procedure and because it named improper parties. Magistrate Judge Boland directed Mr. West to file an Amended Complaint. After receiving an extension of time, Mr. West submitted an Amended Complaint on March 18, 2011.

     The Court must construe the Amended Complaint liberally because Mr. West is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*,

935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as a *pro se* litigant's advocate.  *Hall*, 935 F.2d at 1110.  For the reasons stated below, the Amended Complaint and action will be dismissed.

Mr. West has been granted leave to proceed without payment of an initial partial filing fee pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915 (2006). Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

As a preliminary matter, the Court finds it unlikely that Mr. West's Amended Complaint, which is 98 pages in length, complies with Rule 8 of the Federal Rules of Civil Procedure.  Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  However, the Amended Complaint does not assert any actual claims for relief; instead, Mr. West has provided a confusing and rambling time-line of events concerning his criminal conviction in state court for conspiracy to distribute a schedule II controlled substance and distribution of a schedule II controlled substance.  Further, Mr. West has attached numerous pages of unexplained exhibits to the Amended Complaint.  Nonetheless, because it is apparent that any claims which Mr. West may be attempting to raise are without merit, the Court

declines to dismiss the Amended Complaint pursuant to Rule 8 of the Federal Rules of Civil Procedure.

In the Amended Complaint, it is indisputable that Mr. West attempts to challenge the validity of his state court conviction. He asserts, *inter alia*, that his arrest was "false" and "illegal"; he received ineffective assistance of trial counsel; he was "entrapped" by the arresting police officers; the police officers committed perjury to obtain Mr. West's conviction; he was coerced into pleading guilty; and he is innocent of all charges. As relief, Mr. West seeks money damages and expungement of the criminal convictions.

Section 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." ***Conn v. Gabbert***, 526 U.S. 286, 290 (1999). "[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." ***Wyatt v. Cole***, 504 U.S. 158, 161 (1992). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." ***American Mfrs. Mut. Ins. Co. v. Sullivan***, 526 U.S. 40, 50 (1999) (internal quotation marks omitted). The only proper defendants in a § 1983 action are those who "'represent [the state] in some capacity, whether they act in accordance with their authority or misuse it.'" ***NCAA v. Tarkanian***, 488 U.S. 179, 191 (1988) (quoting ***Monroe v. Pape***, 365 U.S. 167, 172 (1961)).

However, as Mr. West was previously informed by Magistrate Judge Boland in the January 13 Order for Amended Complaint, Mr. West may not challenge the validity of his criminal convictions in this action for money damages pursuant to 42 U.S.C. § 1983. *See Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that if a judgment for damages favorable to a prisoner in a § 1983 action necessarily would imply the invalidity of the prisoner's criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal or called into question by the issuance of a federal habeas writ. *Heck*, 512 U.S. at 486-87.

A judgment in favor of Mr. West in this action necessarily would imply the invalidity of his state court criminal proceedings. Therefore, he may not bring this action unless he has invalidated the proceedings. Mr. West does not allege any invalidation of his convictions nor is there an indication in the Amended Complaint that he was granted one. Any claims challenging Mr. West's criminal state court proceedings would be barred by *Heck*.

Furthermore, to the extent that Mr. West is attempting to seek habeas relief for wrongful imprisonment, his sole federal remedy is a writ of habeas corpus pursuant to 28 U.S.C. § 2254, *see Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973), after exhaustion of state remedies, *see* 28 U.S.C. § 2254(b)(1).

Mr. West's Complaint also suffers from other deficiencies. As Mr. West was previously informed by Magistrate Judge Boland, he may not sue the State of Colorado.

4

The State of Colorado and its entities are protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994). The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979).

Further, Mr. West may not sue Defendant Denver Police Department. The police department is not a separate entity from the City and County of Denver, and, therefore, is not a person under 42 U.S.C. § 1983. *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993). Any claims asserted against the police department must be considered as asserted against the City and County of Denver.

In addition, municipalities and municipal entities are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or

custom and the injury alleged. ***City of Canton, Ohio v. Harris***, 489 U.S. 378, 385

(1989). Mr. West cannot state a claim for relief against the City and County of Denver

under § 1983 merely by pointing to isolated incidents. ***See Monell*** , 436 U.S. at 694.

Mr. West has failed to include any allegations that demonstrate a link between a policy

or custom of the City and County of Denver and the injuries he alleges. Therefore, he

cannot maintain a claim for relief against Defendant Denver Police Department.

Finally, Mr. West also may not sue Defendant Wade H. Eldridge, the defense

attorney who represented him in the state court criminal proceedings. Defense

attorneys, whether court-appointed or privately retained, performing in the traditional

role of attorney for the defendant in a criminal proceeding are not deemed to act under

color of state law; such attorneys represent their client only, not the state, and cannot be

sued in a § 1983 action. ***See Polk County v. Dodson***, 454 U.S. 312, 325 (1981);

***Hunt***, 17 F.3d at 1268. Of course, a defense attorney engaged in a conspiracy with

state officials to deprive his client of his constitutional rights does act under color of

state law. ***See Tower v. Glover***, 467 U.S. 914, 920-23 (1984); ***Hunt***, 17 F.3d at 1268.

However, "[w]hen a plaintiff in a § 1983 action attempts to assert the necessary 'state

action' by implicating state officials or judges in a conspiracy with private defendants,

mere conclusory allegations with no supporting factual averments are insufficient; the

pleadings must specifically present facts tending to show agreement and concerted

action." ***Sooner Products Co. v. McBride***, 708 F.2d 510, 512 (10th Cir. 1983). Mr.

West fails to support his allegations of conspiracy with any specific facts to demonstrate

6

the existence of an agreement and concerted action.  Therefore, he cannot maintain a

claim for relief against Defendant Eldridge.  Accordingly, it is

ORDERED that for the reasons stated in this order, the Amended Complaint is

dismissed without prejudice pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994).  It is

FURTHER ORDERED that all pending motions are denied as moot.

DATED at Denver, Colorado, this _28th_ day of ___March_____, 2011.

BY THE COURT:


____s/Lewis T. Babcock_____
LEWIS T. BABCOCK
Senior Judge, United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-03130-BNB

Ernest West
5150 E 34th Ave. #806
Denver, CO 80207

    I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on March 28, 2011.

GREGORY C. LANGHAM, CLERK

By:_____
                    Deputy Clerk